IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSE MENDEZ, A070-411-616 * |  |
| Petitioner, |  |
| v.  * | CIVIL ACTION NO. JFM-05-1880 |
| THE UNITED STATES DEPARTMENT OF * |  |
| HOMELAND SECURITY BUREAU OF |  |
| IMMIGRATION AND CUSTOMS  * |  |
| ENFORCEMENT |  |
| Respondent. * |  |
| ****** |  |

## MEMORANDUM

Jose Mendez is being held in Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") custody at the Worcester County Center in Maryland awaiting deportation. On July 8, 2005, he filed this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, claiming that his continued ICE detention violates the dictates of *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Respondent has filed a Response to the Petition. Paper No. 4. Petitioner has not filed a reply. No oral argument is necessary because the parties have fully briefed the issues. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the court will, by separate Order, dismiss the Petition for Writ of Habeas Corpus.

### I. Background

Petitioner is a native and citizen of Nicaragua. He arrived in the United States on February 7, 1990, without inspection. On February 7, 1990, petitioner was served with an Order to Show Cause charging him as being deportable. Paper No. 4, Ex. A. On October 3, 1990, pursuant to a stipulation agreement entered into by petitioner, his attorney, and counsel for the government, the

Immigration Judge ("IJ") granted petitioner the privilege of voluntarily departing the United States on or before July 3, 1991, with an alternative order of deportation to Nicaragua should petitioner fail to voluntarily depart. *Id.*, Ex. B. Petitioner did not appeal the decision of the IJ, nor did he depart the United States within the time allowed. As such, he became subject to an administratively final order of deportation on July 4, 1991.

On December 9, 1998, petitioner filed an application to adjust his status to that of lawful permanent resident pursuant to 202 of the Nicaraguan Adjustment and Central American Relief Act, Pub. L. 105-100, 111 Stat. 2160, 2193. *Id.*, Ex. C. The Baltimore District Office of U.S. Citizenship and Immigration Services notified petitioner, on August 5, 2005, of its intention to deny his application for permanent resident status, finding that petitioner was ineligible for relief based on several state court convictions.

Petitioner was taken into ICE custody on February 15, 2005 and was scheduled to be deported from the United States on August 17, 2005. *Id.*, Ex. F. The deportation was cancelled due to the filing of the instant petition.

II. Analysis

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention. In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six month period. After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the

>'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

Petitioner has failed to meet his burden of proof in that he has offered no evidence that his removal is not significantly likely in the reasonably foreseeable future. To the contrary, respondent's recent filings with the court, evidencing that the necessary travel documents had been obtained and petitioner's deportation was imminent prior to his filing the instant case, refute any such contention.

### III. Conclusion

In light of the foregoing the Petition for Habeas Corpus relief shall be dismissed. A separate Order follows.

| | |
|---|---|
| February 27, 2006 | /s/ |
| Date | J. Frederick Motz |
| | United States District Judge |

3